UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK W. DELLELO,

Plaintiff,

v.

WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT, et. al.,

Defendants.

CASE NO. 26-cv-05587

ORDER

This matter is before the Court on defendants Everett Ship Repair, LLC's and Washington State Employment Security Department's Federal Rule of Civil Procedure 12(b)(6) motions to dismiss, Dkts. 9 and 13.

## I. FACTUAL BACKGROUND

Pro se Plaintiff Patrick Dellelo alleges that the Washington State Employment Security Department (ESD) issued an Order to Withhold and Deliver (OWD) to his then-employer, defendant Everett Ship Repair, directing it to withhold and remit a portion of his wages after ESD determined that he had been overpaid $10,000 in unemployment benefits. He further alleges that ESD failed to provide him with adequate notice of its overpayment determination or an opportunity to contest it. After noticing the deductions from his pay, Dellelo sent Everett Ship Repair a letter complaining of what he believed to

be a violation of his constitutional rights. Everett Ship Repair continued withholding funds from Dellelo's pay, and Dellelo then sued, alleging violations of his due process rights under both the federal and Washington State constitutions.

## II. DISCUSSION

Dellelo sues ESD and Everett Ship Repair under 42 U.S.C. § 1983, arguing that they violated his due process rights under the Fourteenth Amendment and article I, section 3 of the Washington State Constitution. Everett Ship Repair moves to dismiss for failure to state a claim under Rule 12(b)(6), arguing that it was not a state actor when it garnished Dellelo's wages, and therefore cannot be held liable under § 1983 or under the Washington constitution. Alternatively, Everett Ship Repair argues that even if it could be considered a state actor, Dellelo's Complaint alleges only that ESD failed to provide him with adequate pre-deprivation notice and fails to plausibly allege how Everett Ship Repair deprived him of any due process rights. ESD also moves to dismiss under Rule 12(b)(6), arguing that it is not a "person" within the meaning of § 1983, and that it enjoys Eleventh Amendment sovereign immunity from suit in this court.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although

courts must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**1. Dellelo does not and cannot plausibly allege that Everett Ship Repair was a state actor.**

Everett Ship Repair insists that its compliance with state law is insufficient to convert it into a state actor. Dellelo acknowledges that adhering to state law is generally insufficient to make someone a state actor but argues that because he sent Everett Ship Repair a letter warning it of alleged constitutional defects in the garnishment order, and it continued to withhold a portion of his wages, it went beyond "mere compliance" and "affirmatively elect[ed] to continue its participation in the ongoing deprivation." Dkt. 14 at 2, 3.

To qualify for relief under 42 U.S.C. § 1983, the plaintiff must establish that a "person" acting "under color of [state law]"—in other words, a state actor—deprived or caused them to be deprived of any right secured by the U.S. Constitution or federal law.

*Id.* When seeking to establish that the defendant is a state actor, it is not enough to merely allege that they invoked state law in their dealings with others or conformed their behavior to state laws; if that were the rule, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Id.*; *see also Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (courts start with a presumption that private conduct does not constitute governmental action and require a showing of "something more" to justify treating it as state action). Similarly, only state actors can be held liable for violations of the Washington Constitution. *See City of Pasco v. Shaw*, 161 Wn.2d 450, 459–06 (2007).

Dellelo has failed to identify the "something more" that would convert Everett Ship Repairs compliance with the OWD into state action. Everett Ship Repair is correct that this case is more akin to *Keenan v. First California Bank*, 488 F. App'x 190 (9th Cir. 2012), in which the defendant bank transferred Keenan's funds to the California Franchise Tax Board after it received an Order to Withhold. The Ninth Circuit held that mere compliance with the order did not convert the bank into a state actor. *Id.* at 193–94; *see also Diefenderfer v. Off. of Recovery Servs. For State of Utah*, 185 F.3d 873 (10th Cir. 1999) ("It is undisputed that [the defendants] were required by law to garnish [plaintiff's] wages; private actors who merely comply with state law are not thereby acting under color of state law."); *Davis v. El Hogar Mental Health & Cmty. Servs.*, No. 223CV1530DJCKJNPS, 2023 WL 6296953 (E.D. Cal. Sept. 27, 2023), *report and recommendation adopted*, No. 223CV1530DJCKJNPS, 2023 WL 7286726 (E.D. Cal.

Nov. 2, 2023) (compliance with court-ordered garnishment for child support did not convert employer into a state actor). Like in *Keenan*, Everett Ship Repair received an order from a state agency which, per RCW 50.24.110, it was required to comply with. *Id.* 191–92.

Dellelo's attempt to distinguish *Sutton* and *Keenan* is unpersuasive and contradicted by *Keenan* itself. He argues that because he gave Everett Ship Repair notice of what he alleges are constitutional deficiencies in the OWD, its continued compliance with the order made it a willing joint participant in state action. He offers no basis for this argument. Further, in *Keenan*, the plaintiff sent the defendant bank a letter before it transferred the money from his account to the Franchise Tax Board, advising it that he objected to the order and arguing that transferring his funds would violate federal law. Nonetheless, the court held that the bank could not be held liable under § 1983. Dellelo's argument fails on its own terms.

Dellelo also offers that even if Everett Ship Repair "is not deemed a state actor under the traditional tests," its "active enforcement of the OWD, without any investigation into whether Plaintiff received constitutionally required process, and after being place on notice of the defects, renders [it] complicit in the ongoing deprivation." Dkt. 14 at 3. This argument is likewise without merit. Dellelo offers no plausible explanation for why Everett Ship Repair would be within its rights, much less owe him a duty, to second guess the OWD, let alone refuse to comply with it.

Dellelo has not plausibly alleged that Everett Ship Repair was a state actor when it complied with ESD's garnishment order and therefore fails to state a claim for relief

under either the Fourteenth Amendment or the Washington Constitution. It is therefore unnecessary to address Everett Ship Repair's alternative argument; that even if it were considered a state actor, Dellelo failed to allege facts supporting its liability for due process violations allegedly committed by a different state actor. Everett Ship Repair's motion to dismiss is **GRANTED**.

The Court also notes that Dellelo has filed a second[1] action arising from the same operative facts, *Dellelo v. Feek, et al.*, No. 26-05996-BHS, in which Everett Ship Repair and two affiliated corporate defendants have filed another motion to dismiss. *See Feek*, No. 26-05996, Dkt. 10. Dellelo's request for leave to amend his complaint in this case is therefore **DENIED**, and he is directed to file a response to the motion to dismiss in that case by October 30, 2026.

**2. ESD is not a "person" within the meaning of § 1983, and is immune from suit in this Court.**

ESD is an agency of the State of Washington. ESD correctly points out that states and state officials acting in their official capacities are not "persons" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Dellelo does not dispute this legal conclusion. His § 1983 claim against ESD is therefore without merit.

---

[1] Dellelo also filed a second lawsuit concurrent with this one, *Dellelo v. Everett Ship Repair LLC, et al*, No. 26-01948-BHS, against Everett Ship Repair and its sister and parent companies in which he advanced only state law claims. This Court dismissed that case without prejudice on August 10, 2026, for lack of jurisdiction.

ESD also argues—again, correctly—that Dellelo's state law claims are barred by Eleventh Amendment immunity because it is an arm of the state. *See Arizona Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016). Dellelo does not dispute this point either but instead responds that he should be allowed and opportunity amend so that he can pursue prospective injunctive relief against specific state officials under *Ex Parte Young*, and damages against individual state officials under § 1983. Dellelo has already filed a second lawsuit that names several individuals associated with ESD and will address that matter in due course, but Dellelo has plainly failed to plausibly allege a claim for relief against ESD in this case. ESD's motion to dismiss is therefore **GRANTED** and Dellelo's claims against it are **DISMISSED**.

The defendants' motions to dismiss are **GRANTED** and Dellelo's claims are **DISMISSED** without prejudice but without leave to amend. Dellelo is directed to respond to the pending motion to dismiss in case No. 26-05996-BHS, Dkt. 10, by October 30, 2026. The motion shall be re-noted to November 6, 2026.

The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge